FILED

CLERK, U.S. DISTRICT COURT

FEB 17 2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ rsm _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

1  JAMIE NELSON
2  18039 Chatsworth St.
   P.O. Box 280603
3  Email: jamienelsonphoto@gmail.com

4  JAMIE NELSON, PRO SE

5

6                    **UNITED STATES DISTRICT COURT**

7                    **CENTRAL DISTRICT OF CALIFORNIA**

8

9   AMY LOUISE TAYLOR              )    Case No.: 2:25-cv-12069-GW-Ex
                                  )
10                 Plaintiff(s),   )
                                  )
11          vs.                    )    **NOTICE OF MOTION AND MOTION**
                                  )    **TO STRIKE COMPLAINT**
12  JAMIE NELSON STUDIOS LLC; JAMIE )
13  NELSON; and DOES 1-10          )    **PURSUANT TO CAL. CODE CIV.**
                                  )    **PROC. § 425.16 (ANTI-SLAPP**
14                                 )    **MOTION)**
                                  )
15                 Defendant(s).   )
                                  )
16

17  ─────────────────────────

18                    **TO THE COURT AND ALL PARTIES:**

19

20

21

22  PLEASE TAKE NOTICE that Defendant Jamie Nelson, appearing pro se, respectfully moves to

23  strike Plaintiff's Complaint pursuant to California Code of Civil Procedure § 425.16 because

24  Plaintiff's claims arise from Defendant's constitutionally protected expressive activity and

25  Plaintiff cannot demonstrate a probability of prevailing on the merits. This motion is directed to

26  Plaintiff's state-law claims and is brought pursuant to California Code of Civil Procedure §

27  425.16 as applied in federal court under controlling Ninth Circuit authority.

28

─────────────────────────

-1-

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jamie Nelson, the exhibits attached thereto, the pleadings and papers on file in this action, and such argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.                                         INTRODUCTION

This lawsuit arises from Defendant's creation, publication, and sale of photographic works—core expressive conduct protected by the First Amendment and California's anti-SLAPP statute. The photographs at issue depict a public figure and were created in connection with editorial publication in a widely distributed magazine, placing the works within matters of public interest and public discourse.

Plaintiff seeks to impose liability based on Defendant's artistic expression and dissemination of photographic works. Because the Complaint targets protected activity and Plaintiff cannot demonstrate a probability of prevailing, the Complaint should be stricken.

This motion is straightforward. Plaintiff's claims arise from Defendant's creation, publication, and sale of photographic works, which are expressive activities protected by the First Amendment and California's anti-SLAPP statute. Plaintiff cannot demonstrate a probability of prevailing because the Complaint alleges no facts showing endorsement, consumer confusion, or any contractual restriction on Defendant's use of her own copyrighted works.

1

2

3

4

5

## II. LEGAL STANDARD

6

7  California's anti-SLAPP statute applies in federal court to state-law claims. Courts apply a two-prong test:

8      1. Defendant must show the claims arise from protected activity; and
    2. Plaintiff must demonstrate a probability of prevailing.

9  See Hilton v. Hallmark Cards, 599 F.3d 894 (9th Cir. 2010).

10

11

12

13  ## III. PLAINTIFF'S CLAIMS ARISE DIRECTLY FROM DEFENDANT'S PROTECTED ARTISTIC EXPRESSION

14

15

16  **A. Plaintiff's Own Complaint Confirms That the Challenged Conduct Is Protected Expression**

17

18

19  Plaintiff's own pleading makes clear that the claims in this action arise from Defendant's

20  creation, display, and sale of photographic works. The Complaint expressly alleges that

21  Defendant engaged in conduct including "selling prints of Ms. Taylor's image on Defendants'

22  Websites," as well as displaying and using photographs in connection with Defendant's

23  professional activities. (Complaint ¶ 17).

24  These allegations concern activities that are inherently expressive. Photography, editorial

25  publication, portfolio display, and the dissemination of fine-art prints are forms of artistic

26  expression routinely recognized as protected speech under the First Amendment and California's

27

28  anti-SLAPP statute.

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

Because the Complaint targets Defendant's publication, display, and sale of photographic works, the first prong of the anti-SLAPP analysis is satisfied.

Even if the Court were to conclude that some aspects of Defendant's conduct had a commercial component, the expressive elements predominate. The photographs at issue are artistic works created for editorial publication and later exhibited and offered as fine-art prints, which is a longstanding and widely accepted practice in the photography and fine-art industries. Courts have repeatedly recognized that artistic expression does not lose First Amendment protection merely because it is sold or displayed for compensation, particularly where the work is editorial or artistic in nature.

**B. Photography and Fine-Art Publication Are Protected Expression**

Defendant is a professional photographer whose work consists of editorial and artistic photography. Courts have repeatedly recognized that visual art, photography, and editorial publication constitute protected speech under the First Amendment and California's anti-SLAPP statute.

The photographs at issue were created as expressive works and disseminated as part of Defendant's artistic practice. As set forth in the Nelson Declaration, Defendant is the registered copyright holder of the works and has consistently asserted her rights to display and sell her photography. (Nelson Decl. ¶¶ 3–6, 7–10).

The photographs depict a public figure and were originally created for editorial publication in a widely distributed magazine, placing them within matters of public interest under California Code of Civil Procedure § 425.16(e)(3) and (e)(4).

Courts within the Ninth Circuit have specifically recognized that photographs and other visual artworks depicting well-known figures are protected expressive works, even when displayed or sold as art. See Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 807–08 (9th Cir. 2003).

**C. Sale of Fine-Art Prints Does Not Convert Expression Into Commercial Speech**

Plaintiff's claims rely on treating the sale of fine-art prints as commercial advertising or endorsement. That position is inconsistent with well-established First Amendment principles. The sale of expressive works—including photographs, books, and artwork—does not transform protected expression into commercial speech. The photographs themselves are the expression; offering them for sale is part of the dissemination of that expression.

The California Supreme Court has likewise recognized that artistic depictions of individuals are protected where the work contains significant creative expression and is not merely a literal reproduction for commercial merchandising. See Comedy III Productions, Inc. v. Saderup, Inc., 25 Cal.4th 387, 404–07 (2001).

Plaintiff's claims therefore arise directly from protected expressive activity.

**D. Fine-Art Sales Are Distinct From Commercial Advertising or Endorsement**

The sale of fine-art prints is fundamentally different from commercial advertising or endorsement. In commercial advertising, a person's likeness is used to promote unrelated goods or services. By contrast, the sale of a photographic print is the sale of the expressive work itself.

Courts have long recognized that paintings, photographs, books, and films remain protected expression even when sold, because dissemination of expressive works commonly occurs through commercial channels.

Because the conduct alleged in the Complaint consists entirely of Defendant's creation, display, and dissemination of photographic works, the first prong of the anti-SLAPP analysis is satisfied.

### IV. PLAINTIFF CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING

**A. Copyright Ownership Is Undisputed**

Defendant is the registered copyright holder of the photographs at issue, as reflected in United States Copyright Office registrations dated September 15, 2025 (Exhibit A). (Nelson Decl. ¶¶ 3–6).

Plaintiff's counsel acknowledged in writing that copyright ownership was not disputed (Exhibit B). (Nelson Decl. ¶ 6).

**B. Plaintiff Fails to Plead Facts Showing Likelihood of Confusion or Endorsement**

To prevail on false endorsement or related claims, a plaintiff must show a likelihood that consumers would be misled into believing that the plaintiff endorsed or sponsored the defendant's goods or services.

The Complaint does not identify any statement by Defendant claiming endorsement by Plaintiff,
any advertisement suggesting sponsorship, or any factual allegations showing consumer
confusion. Instead, the allegations concern only the display and sale of photographic works
themselves.

Courts routinely hold that the mere depiction of a person in an expressive work, without
misleading representations of endorsement, is insufficient to establish liability under trademark
or publicity theories. Plaintiff's allegations are conclusory and do not plead specific facts
demonstrating consumer confusion or endorsement, which is required to state a plausible claim.

At the second prong of the anti-SLAPP analysis, Plaintiff must present admissible evidence
demonstrating a probability of prevailing on the merits, not merely rely on allegations in the
Complaint. See *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010). Here, Plaintiff has
not identified any specific statement, advertisement, or conduct by Defendant that would mislead
consumers into believing Plaintiff endorsed Defendant's photography, nor any evidence of actual
confusion. The absence of such evidence is fatal to Plaintiff's claims at this stage.

To satisfy the second prong of the anti-SLAPP analysis, Plaintiff must present admissible
evidence establishing a probability of prevailing on each essential element of the claims.
Allegations in a complaint, standing alone, are insufficient. Here, Plaintiff's claims depend on
characterizing Defendant's artistic and editorial photographs, and the sale of fine-art prints, as
commercial endorsement or unlawful exploitation. Plaintiff has not presented evidence showing
consumer confusion, false endorsement, or any contractual restriction on Defendant's use of her
own copyrighted works. Absent such evidence, Plaintiff cannot meet the burden required to
proceed past the second prong of the anti-SLAPP analysis.

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

Plaintiff has produced no admissible evidence of endorsement, consumer confusion, or any contractual limitation on Defendant's use of her copyrighted works. Accordingly, Plaintiff cannot meet the burden required under the second prong of the anti-SLAPP analysis.

**C. Plaintiff Conflates Fine-Art Sales with Commercial Endorsement**

Plaintiff's claims rely on treating the sale of fine-art prints as commercial advertising or endorsement. That position is inconsistent with well-established First Amendment principles. The sale of expressive works—including photographs, books, and artwork—does not transform protected expression into commercial speech. The photographs themselves are the expression; offering them for sale is part of the dissemination of that expression.

The California Supreme Court has likewise recognized that artistic depictions of individuals are protected where the work contains significant creative expression and is not merely a literal reproduction for commercial merchandising. See Comedy III Productions, Inc. v. Saderup, Inc., 25 Cal.4th 387, 404–07 (2001).

Plaintiff's claims therefore arise directly from protected expressive activity.

**D. Plaintiff Had Notice of Defendant's Rights Before Filing Suit**

Before Plaintiff filed this lawsuit:

• Defendant repeatedly asserted copyright ownership

• Defendant proposed licensing, transfer, or buyout solutions

• Defendant requested removal of posts that Defendant believed were defamatory or disparaging

-8-

(See Nelson Decl. ¶¶ 7–10, 16 and Exhibits L, M, and K.)

These facts demonstrate that Plaintiff was aware that the dispute concerned Defendant's creation, display, licensing, and dissemination of expressive works and related business negotiations, rather than any alleged unlawful conduct by Defendant.

## V. CONTEXT AND TIMELINE OF EVENTS

The timeline below provides context relevant to the dispute and the filing of this action:

• Communications from Plaintiff and counsel demanding that Defendant cease selling fine-art prints;

• Requests that Defendant remove editorial and portfolio images;

• Public statements and online posts disparaging Defendant's photography;

• Defendant's filing of a Civil Harassment Restraining Order;

• Media coverage before Defendant was served and without opportunity to respond; and

• Filing and public discussion while restraining-order proceedings were pending.

These events are supported by the Nelson Declaration. (Nelson Decl. ¶¶ 11–23.)

## VI. REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

1. Strike the Complaint pursuant to Cal. Code Civ. Proc. § 425.16;

2. Award Defendant costs and fees as permitted by law; and

3. Grant such further relief as the Court deems just and proper.

Because Plaintiff's claims arise from Defendant's protected expressive activity and Plaintiff cannot demonstrate a probability of prevailing on the merits, dismissal at this stage is required to prevent the continued burdening of constitutionally protected speech.

DATED: February 17, 2026

*Respectfully Submitted:*

*Jamie Nelson*

JAMIE NELSON
Defendant and Counter-Claimant,
Pro Se

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

1

2

3

### DECLARATION OF JAMIE NELSON

4

5

6

7   I, Jamie Nelson, declare as follows:

8

9

**Background:**

10

11

12   1. I am a defendant in this action and the owner of Jamie Nelson Studios LLC. I have personal

13   knowledge of the facts stated herein and, if called as a witness, could and would testify

14   competently thereto.

15

16   2. I am the photographer and author of the photographic works at issue in this case.

17

18   **Copyright Ownership:**

19

20

21   3. I am the author and copyright owner of the photographs at issue.

22   4. These works were registered with the United States Copyright Office on September 15, 2025.

23   A true and correct copy of the registration certificate is attached as Exhibit A.

24
25   5. I have never transferred copyright ownership in these photographs.

26   6. Plaintiff's counsel acknowledged in writing that my copyright ownership was not disputed. A

27   true and correct copy of this correspondence is attached as Exhibit B.

28

**Pre-Litigation Communications and Good Faith Efforts:**

7. On September 11, 2025, I communicated with Plaintiff's manager, asserting my copyright
ownership and my intent to sell fine-art prints. I involved my agency in these discussions in an
effort to resolve the matter in good faith. A true and correct copy of this correspondence is
attached as Exhibit L.

8. I also expressed willingness to discuss a copyright buyout if Plaintiff wished to obtain full
control of the images.

**Cease-and-Desist Demands:**

9. On November 14, 2025, counsel for Plaintiff sent a cease-and-desist letter demanding that I:

• Stop selling fine-art prints

• Remove images from my website and social media

• Provide sales reports

A true and correct copy is attached as Exhibit C.

10. These demands included removal of editorial and portfolio images and requests for financial
disclosures outside any court order.

11. On November 18, 2025, I again asserted my rights as copyright holder to Plaintiff's counsel
while stating my intention to continue selling fine-art prints.

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

12. On November 18, 2025, counsel again requested sales reports and further removal of images. A true and correct copy is attached as Exhibit D.

13. I proposed multiple solutions outside litigation, which were declined or ignored. A true and correct copy is attached as Exhibit M.

**Public Statements and Disparagement:**

14. On or about December 4, 2025, an Instagram post appeared on the account @phcfilms stating that my work was unauthorized and referring to it in derogatory terms.

15. This post publicly disparaged my photography and business and affected my ability to sell my work. A true and correct copy is attached as Exhibit E.

**Defendant's Notice to Plaintiff:**

16. On December 4, 2025, I sent a cease and desist notice asserting copyright ownership and requesting removal of a post that I believed was defamatory and infringing. A true and correct copy is attached as Exhibit K.

**Parallel Litigation Timeline:**

17. On December 9, 2025, I filed a Civil Harassment Restraining Order against Plaintiff in Los Angeles Superior Court. A true and correct copy is attached as Exhibit I.

-13-

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

18. The restraining order proceedings remain ongoing, with a hearing scheduled for March 6, 2026. A true and correct copy is attached as Exhibit J.

**Federal Lawsuit and Media Coverage:**

19. Plaintiff filed this federal action on December 22, 2025.

20. Following the filing, numerous media outlets reported on the lawsuit before I was served with process. A representative article is attached as Exhibit F.

21. As of February 17, 2026, I have not been formally served in this federal matter.

**Service Events on January 8, 2026:**

22. On January 8, 2026, I served Plaintiff through counsel in connection with the restraining order proceedings. A true and correct copy is attached as Exhibit G.

23. Approximately two and a half hours later, I received for the first time the full federal complaint by email from Plaintiff's counsel. A true and correct copy is attached as Exhibit H.

**Procedural Developments in This Action:**

24. On February 16, 2026, I filed an Amended Answer and Counterclaims in this action, including claims for copyright infringement arising from the same underlying dispute described in this declaration.

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

**Effect on Expression and Work:**

25. The claims in this lawsuit arise from my creation, display, and sale of photographic works.

26. These works are artistic and expressive in nature.

27. The demands and claims described above have affected my ability to display, promote, and sell my photography.

28. The photographs at issue were created as part of my professional work as an editorial and fine-art photographer and were originally published in an editorial context. The works depict a public figure and were created and disseminated in connection with matters of public interest in the music and fashion industries. It is standard practice in the photography and fine-art fields for photographers to display and sell fine art prints of their editorial and artistic works as part of their professional practice.

29. At no time did I state or represent that Plaintiff endorsed or sponsored my photography. The photographs were displayed and offered solely as artistic works. Such publication and sale of editorial and fine-art photographs is a standard and widely accepted practice in the photography and fine-art industries.

Because Plaintiff's claims arise from protected expressive activity and Plaintiff cannot demonstrate a probability of prevailing on the merits, the Complaint should be stricken pursuant to California Code of Civil Procedure § 425.16.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 17, 2026, Granada Hills, California.

*Respectfully Submitted:*

JAMIE NELSON
Defendant and Counter-Claimant,
Pro Se

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

# EXHIBIT LIST

The following exhibits are submitted in support of Defendant Jamie Nelson's Motion to Strike pursuant to Cal. Code Civ. Proc. § 425.16 and the accompanying Declaration of Jamie Nelson:

**Exhibit A**

United States Copyright Registration Certificate dated September 15, 2025.

**Exhibit B**

Email correspondence from Plaintiff's counsel acknowledging Defendant's copyright ownership.

**Exhibit C**

Cease-and-desist letter from Plaintiff's counsel dated November 14, 2025.

**Exhibit D**

Follow-up correspondence from Plaintiff's counsel requesting removal of images and sales information.

**Exhibit E**

Instagram post publicly disparaging Defendant's photography and business.

**Exhibit F**

Representative media coverage concerning this lawsuit.

**Exhibit G**

Affidavit of service relating to restraining-order proceedings.

**Exhibit H**

Email transmitting the federal complaint to Defendant.

**Exhibit I**

Request for Civil Harassment Restraining Order filed December 9, 2025.

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

1

**EXHIBIT LIST CONT.**

2

3

**Exhibit J**

4

5    Order on Request to Continue Hearing showing ongoing proceedings and March 6, 2026 hearing

6    date.

7    **Exhibit K**

8    Defendant's cease-and-desist letter asserting copyright ownership and requesting removal of

9    defamatory content.

10

11    **Exhibit L**

12    Email dated September 11, 2025 asserting copyright ownership and offering buyout of copyright

13    as negotiation.

14    **Exhibit M**

15    Correspondence reflecting negotiations and proposals to resolve the dispute prior to litigation.

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE (ANTI-SLAPP)

**CERTIFICATE OF SERVICE**

I, Jamie Nelson, certify that on February 17, 2026, I electronically filed the foregoing Motion to Strike Complaint Pursuant to Cal. Code Civ. Proc. §425.16 with the Clerk of the Court using the Court's Electronic Document Submission System (EDSS).

I further certify that I also sent courtesy electronic copies of the foregoing document by electronic mail to:

Jonathan Pink

Lewis Brisbois Bisgaard & Smith LLP

Jonathan.Pink@lewisbrisbois.com

Counsel for Plaintiff

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Respectfully Submitted:*

JAMIE NELSON
Defendant and Counter-Claimant,
Pro Se

Exhibit A, Pg 1
Copyright Registration Certificate
September 15, 2025

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

**Registration Number**

# VA 2-469-562

**Effective Date of Registration:**
September 15, 2025
**Registration Decision Date:**
December 03, 2025

## Copyright Registration for a Group of Published Photographs

Registration issued pursuant to 37 C.F.R. § 202.4(i)
For Photographs Published:   July 01, 2025 to July 01, 2025

### Title

**Title of Group:** Vogue Portugal Amy Taylor
**Number of Photographs in Group:** 14

- **Individual Photographs:** Champagne Tasting, Pink Lipsdick, She's Got Legs, Poolside Glamour, Leather And Feathers, Pick Up Line, Ice Cream Punk, Tinder Date, Durry and a Light, Golden Shower, Sunglasses at Night, Puking Glitter, Read my Lisp, California Dreamin'
**Published:** July 2025

### Completion/Publication

**Year of Completion:** 2025
**Earliest Publication Date in Group:** July 01, 2025
**Latest Publication Date in Group:** July 01, 2025
**Nation of First Publication:** Portugal

### Author

- **Author:** Jamie Nelson Studios, LLC
**Author Created:** photographs
**Work made for hire:** Yes
**Citizen of:** United States
**Domiciled in:** United States
**Year Born:** 1983

### Copyright Claimant

**Copyright Claimant:** Jamie Nelson Studios, LLC
9849 Belmar Ave., Northridge, CA, 91324, United States

Page 1 of 2

Exhibit A, Pg 2
Copyright Registration Certificate
September 15, 2025

## Rights and Permissions

**Organization Name:** Jamie Nelson Studios, LLC
**Name:** jamie nelson
**Email:** jamienelsonphoto@gmail.com
**Address:** 18039 chatsworth st
PO box 280603
granada hills, CA 91344 United States

## Certification

**Name:** Jamie Nelson
**Date:** September 15, 2025

**Copyright Office notes:** Regarding title information: Deposit contains complete list of titles that
correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be
registered on one application with one filing fee only under limited
circumstances. ALL of the following are required: 1. All photographs (a) were
created by the same author AND (b) are owned by the same copyright claimant
AND (c) were published in the same calendar year AND 2. The group contains
750 photographs or less AND 3. A sequentially numbered list of photographs
containing the title, file name and month of publication for each photograph
included in the group must be uploaded along with other required application
materials. The list must be submitted in an approved document format such as .
XLS or .PDF. The file name for the numbered list must contain the title of the
group and the Case Number assigned to the application.

Exhibit B
Email Correspondence from Plaintiff's Counsel
Ackknowledging Defendant's Copyright Ownership
November 18, 2025

 Gmail

Jamie Nelson <jamienelsonphoto@gmail.com>

**Re: Unauthorized Use of Amy Taylor's (p.k.a. Amyl) Rights of Publicity and Privacy**
1 message

**Pink, Jonathan** <Jonathan.Pink@lewisbrisbois.com>                                      Tue, Nov 18, 2025 at 5:33 PM
To: Jamie Nelson <jamienelsonphoto@gmail.com>
Cc: "Mills, Joseph" <Joseph.Mills@lewisbrisbois.com>, "Roy, Rohini" <Rohini.Roy@lewisbrisbois.com>

You may wish to remind your lawyer that your copyright interest a work does not convey to you the subject's right of publicity. No one questioned your copyright interest, but likewise, no one provided to you Miss Taylor's consent for use of her image in a commercial manner. If we need to establish this distinction in a judicial setting, we are happy to do so. Please simply let me know whether you wish to accept service personally, or whether your attorney will be accepting on your behalf.



**Jonathan S. Pink** (He/Him)
**Partner | National Co-Chair, Entertainment, Media & Sports Practice Group**
Jonathan.Pink@lewisbrisbois.com

**T: 213.580.6312 F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Exhibit C, Pg 1
Cease-and-Desist lette from Plaintiff's counsel
November 14, 2025

**From:** "Mills, Joseph" <Joseph.Mills@lewisbrisbois.com>
**Date:** November 14, 2025 at 2:47:31 PM PST
**To:** art.jamienelson@gmail.com
**Cc:** "Pink, Jonathan" <Jonathan.Pink@lewisbrisbois.com>, "Roy, Rohini" <Rohini.Roy@lewisbrisbois.com>
**Subject: Unauthorized Use of Amy Taylor's (p.k.a. Amyl) Rights of Publicity and Privacy**

Ms. Nelson:

Attached please find correspondence to you from Jonathan Pink regarding the above-referenced matter.

**Joe Mills**

Legal Assistant to Michael W. Connally,
Jonathan Pink, Kamran Salour and
Charles Kertell

650 Town Center Drive,
Suite 1400
Costa Mesa, CA  92626

joseph.mills@lewisbrisbois.com

714.966.3127 (Direct)

714.850-1030 (Facsimile)

---

**2 Attachments** · Scanned by Gmail ⓘ    ⬇    ⬀ Add all to Drive





📄 PDF Sundowner – Cea...

Exhibit C, Pg 2
Cease-and-Desist lette from Plaintiff's counsel
November 14, 2025



Jonathan S. Pink
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Jonathan.Pink@lewisbrisbois.com
Direct: 213.580.6312

November 14, 2025

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

Ms. Jamie Nelson
Jamie Nelson Fine Art Photography
18039 Chatsworth Blvd., #280603
Granda Hills, CA 91344
E-Mail: art.jamienelson@gmail.com

      Re:    Unauthorized Use of Amy Taylor's (p.k.a. Amyl) Rights of Publicity and Privacy

Dear Ms. Nelson:

This office is U.S. legal counsel to Amy Taylor. We write regarding your unlawful use of Ms. Taylor's image in your commercial activities. Specifically, despite repeated objections by Ms. Taylor, you are selling prints of her image that you photographed for the singular purpose of publication in *Vogue Portugal.* You are also without authorization using Ms. Taylor's name and likeness on your website and social media accounts to advertise your professional services.

We believe your commercial use of Ms. Taylor's name and likeness is indisputable. You are advertising prints of Ms. Taylor on your website, as is evidenced here: https://jamienelsonfineartphoto.com/search?page=1&q=amy+taylor (see also **Exhibit A**) and you consistently post images of her on your social media pages in an effort to advertise your photography services, as you did most recently in the post copied here:

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
161983147.1

Exhibit C, Pg 3
Cease-and-Desist lette from Plaintiff's counsel
November 14, 2025

Ms. Jamie Nelson
November 14, 2025
Page 2




Adding insult to injury, you have engaged in this conduct even after Ms. Taylor informed you of her objection to it.  And that objection should have come as no surprise. After capturing the images for *Vogue Portugal*, Ms. Taylor rejected your invitation to a separate photoshoot for purposes of creating images to be sold as prints.  She was not interested in that then and is not interested now in your commercial exploitation of images intended only for use in the magazine.

The above-described conduct constitutes a violation of Ms. Taylor's common law and statutory rights of publicity under California Code of Civil Procedure §3344.  That Section provides in pertinent part:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent ... shall be liable to the injured party.

Exhibit C, Pg 4
Cease-and-Desist lette from Plaintiff's counsel
November 14, 2025

Ms. Jamie Nelson
November 14, 2025
Page 3

*See* 3344, subdivision (a); see also *Eastwood v. Superior Court* (1983) 149 Cal.App.3d 409, 417–419 (violation of privacy right even where use does not give the appearance of an express endorsement).

A violation of §3344 may subject the defendant to significant liability, including actual damages, a disgorgement of profits made from the unauthorized use, punitive damages and payment of the plaintiff's attorney's fees and costs. *See* §3344(a), *supra*. We believe your disregard of Ms. Taylor's rights will subject you to precisely such liability here.

In light of the foregoing and in an effort to avoid possible litigation, our Ms. Taylor demands that you *immediately*:

1. Cease and desist all sales of any images of her that were photographed by you or at your direction whether in conjunction with the *Vogue Portugal* shoot or otherwise;

2. Remove from all social media accounts owned and operated by you and/or Jamie Nelson Fine Art Photography all images you have posted of Ms. Taylor;

3. Preserve all evidence, including written, electronic, photographic and physical items that relate in any way to the issues raised in this correspondence as they may be relevant to and required for production as evidence in possible subsequent litigation; and

4. Provide the undersigned with a detailed accounting of all sales you have made of photographs of Ms. Taylor that were created by you or at your direction whether in conjunction with the *Vogue Portugal* shoot or otherwise.

Please respond to this correspondence within one week of today's date and include written confirmation that you will abide by the demands set forth above. Nothing herein is intended to waive any legal rights or claims, all of which are expressly reserved.

Very truly yours,

Jonathan S. Pink of
LEWIS BRISBOIS BISGAARD & SMITH LLP

JSP:RR

Cc: Rohini Roy, Esq., via Rohini.Roy@lewisbrisbois.com

Exhibit C, Pg 5
Cease-and-Desist lette from Plaintiff's counsel
November 14, 2025

# EXHIBIT A

WELCOME TO OUR GALLERY →



# Search results

Search
amy taylor

Filter and sort   Filter

Sort by:    Relevance

53 results









**Expressions of Amy Taylor**
From
$1,500.00 USD

**Cunty Amy**
From
$1,500.00 USD

**Amy's Himbo**
From
$1,500.00 USD

**Zine #10: Girls' Night Inn**
$69.00 USD

Exhibit D, Pg 2
Cease-and-Desist lette from Plaintiff's counsel
November 14, 2025

 Gmail

Jamie Nelson <jamienelsonphoto@gmail.com>

## RE: Unauthorized Use of Amy Taylor's (p.k.a. Amyl) Rights of Publicity and Privacy

1 message

**Pink, Jonathan** <Jonathan.Pink@lewisbrisbois.com>                                                     Tue, Nov 18, 2025 at 11:46 AM
To: Jamie Nelson <jamienelsonphoto@gmail.com>
Cc: "Mills, Joseph" <Joseph.Mills@lewisbrisbois.com>, "Roy, Rohini" <Rohini.Roy@lewisbrisbois.com>

Ms. Nelson,

Thank you for your reply.

While we appreciate the removal of the art prints from your site, we would still like to receive from you a report on sales made to date. Also, as a reminder, our request sought the removal of all images of Ms. Taylor – not merely the ones offered for sale – as we believe those too are presented for commercial purposes and as such would violate the previously stated legal authority.

Regards,

JP



**Jonathan S. Pink** (He/Him)
**Partner | National Co-Chair, Entertainment, Media & Sports Practice Group**
Jonathan.Pink@lewisbrisbois.com

**T: 213.580.6312 F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Exhibit E
Instagram Post Publicly Disparaging Defendant
December 4, 2025



Exhibit F
Representative Media Coverage
January 2, 2026



# Amyl and the Sniffers' Amy Taylor Sues US Photographer

**Amyl and the Sniffers' frontwoman Amy Taylor has sued a US photographer for selling pictures as "fine art prints" without her permission**

*By* LAUREN MCNAMARA



Chris Neave

Amyl and the Sniffers' frontwoman Amy Taylor has sued a US photographer for selling pictures as "fine art prints" without her permission.

Exhibit G
Affadavit of Service
January 8, 2026

Job:  **14917381**                                                    Client:    Jamie Nelson

Status:   Served

🖶 Print

Nationwide Affidavit

### AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 25CHRO02405 | Northwest District | Van Nuys, CA | 14917381 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Jamie Y Nelson | Amy Louise Taylor |

| Received by: | For: |
|---|---|
| THE LOS ANGELES COUNTY PROCESS SERVER | Jamie Nelson |

| To be served upon: |
|---|
| Jonathan Pink, Attorney |

I, William May, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Miguel, 633 W. 5th Street Suite 4000, Los Angeles, CA 90071 |
|---|---|
| Manner of Service: | Registered Agent, Jan 8, 2026, 2:38 pm PST |
| Documents: | ch-109.pdf, ch-120-info.pdf, ch-120.pdf, ch-100.pdf, MC-030, and Exhibits |

**Additional Comments:**
1) Successful Attempt: Jan 8, 2026, 2:38 pm PST at 633 W. 5th Street Suite 4000, Los Angeles, CA 90071 received by Miguel. Age: 30's; Ethnicity: Hispanic; Gender: Male; Weight: 230; Height: 5'7"; Hair: Black; Other: Worked in the mail room;

The location is a secured building requiring entry through building security. Upon arrival, I contacted building security and identified myself as a process server.
Building security contacted Suite 4000 and obtained authorization for me to proceed to the mailroom located on the 34th floor.
After arriving at the mailroom, I again identified myself as a process server. The mailroom clerk identified himself to me as Miguel (last name unknown).
Miguel advised me to wait while he contacted attorney Jonathan Pink. Miguel then placed a call to Mr. Pink and, after doing so, allowed me to speak with Mr. Pink by telephone.
During my conversation with Mr. Pink, I identified myself as a process server and provided my name. Mr. Pink confirmed that he is an attorney and stated that he represents the individual who is the subject of the restraining order documents. Mr. Pink further stated that he would not accept service of the restraining order documents.
After Mr. Pink declined to accept service, I advised him that I understood. I then left copies of the documents with the mailroom clerk, Miguel, at the above location.
I make this declaration to accurately describe the events that occurred during my attempt to serve the documents at the above address.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Fees:**   $150.00

_William May (signature)_                    01/08/2026

William May                               Date
2022117541

THE LOS ANGELES COUNTY PROCESS SERVER
23705 Crenshaw Blvd #100
Torrance, CA 90505

Exhibit H
Email of Federal Complaint to Defendant
January 8, 2026

                                                    Jamie Nelson <jamienelsonphoto@gmail.com>

## Amy Taylor v. Jamie Nelson - Our File #58355-01

1 message

**Mills, Joseph** <Joseph.Mills@lewisbrisbois.com>                    Thu, Jan 8, 2026 at 5:07 PM
To: "jamienelsonphoto@gmail.com" <jamienelsonphoto@gmail.com>
Cc: "Pink, Jonathan" <Jonathan.Pink@lewisbrisbois.com>

Good afternoon.   Attached are documents in the above-referenced matter which were sent to you via U.S. Mail today.



**Joe Mills**

Legal Assistant to Michael W. Connally,
Jonathan Pink, Kamran Salour and
Charles Kertell

650 Town Center Drive,
Suite 1400

Costa Mesa, CA  92626

ioseph.mills@lewisbrisbois.com

714.966.3127 (Direct)
714.850-1030 (Facsimile)

**11 attachments**

📄 **Amy Taylor v Jamie Nelson - Certificate and Notice of Interested Parties - FILED.pdf**
52K

📄 **Amy Taylor v Jamie Nelson - Civil Cover Sheet - FILED.pdf**
81K

📄 **Amy Taylor v Jamie Nelson - Complaint with Exhibits - FILED.pdf**
31749K

📄 **Amy Taylor v Jamie Nelson - Notice of Assignment to Hon. George Wu.pdf**
19K

📄 **Amy Taylor v Jamie Nelson - Notice to Counsel Re Consent to Proceed Before a U.S. Magistrate Judge.pdf**
19K

📄 **Amy Taylor v Jamie Nelson - Notice to Parties of Court-Directed ADR Program.pdf**
21K

📄 **Amy Taylor v Jamie Nelson - Standing Order Re Final Pre-Trial Conferences for Jury Trials Before George Wu.pdf**
130K

📄 **Amy Taylor v. Jamie Nelson - Notice and Acknowledgment of Receipt of Summons - Jamie Nelson Studios.pdf**
208K

📄 **Amy Taylor v. Jamie Nelson - Notice and Acknowledgment of Receipt of Summons - Jamie Nelson.pdf**
208K

📄 **Amy Taylor v. Jamie Nelson - Summons In A Civil Action - Jamie Nelson - ISSUED.pdf**
192K

📄 **Amy Taylor v. Jamie Nelson - Summons In A Civil Action - Jamie Nelson Studios LLC - ISSUED.pdf**
209K

Exhibit I
Civil Harassment Restraining Order Petition
December 9, 2025

**CH-100** | **Request for Civil Harassment Restraining Orders**

Read *Can a Civil Harassment Restraining Order Help Me?* (form CH-100-INFO before completing this form. Also fill out *Confidential CLETS Information* (form CLETS-001 with as much information as you know.

Clerk stamps date here when form is filed.

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/9/2025 2:19 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Ryan Osborne, Deputy Clerk

Assigned for all purposes to:
Commissioner Amanda S. Park,
(Department, CHRO).

**① Person Seeking Protection**

a. Your Full Name:
Jamie Y Nelson    Age: 42

Your Lawyer *(if you have one for this case)*
Name: _____  State Bar No.: _____
Firm Name: _____

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*

Address: 18039 Chatsworth St., P.O. Box 280603
City: Granada Hills    State: CA    Zip: 91344
Telephone: 805-258-9192    Fax: (Petitioner did not provide)
E-Mail Address: _____

Fill in court name and street address:
**Superior Court of California, County of**
Los Angeles
North Valley Judicial District

9425 Penfield Ave.
Chatsworth, CA 91311

Court fills in case number when form is filed.
**Case Number:** 25CHRO02405

**② Person From Whom Protection Is Sought**

Full Name: Amy Louise Taylor    Age: 29
Address *(if known):* Unknown
City: Los Angeles    State: CA    Zip: _____

**③ Additional Protected Persons**

a. Are you asking for protection for any other family or household members? ☐ Yes ☒ No  *If yes, list them:*

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |

☐ *Check here if there are more persons. Attach a sheet of paper and write "Attachment 3a—Additional Protected Persons" for a title. You may use form MC-025, Attachment.*

b. Why do these people need protection? *(Explain below):*
☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or form MC-025 and write "Attachment 3b—Why Others Need Protection" for a title.*

_____
_____
_____
_____
_____

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2025, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9    **Request for Civil Harassment Restraining Orders (Civil Harassment Prevention)**    **CH-100,** Page 1 of 6
Generated by Guide and File

Exhibit J
Hearing Date, Ongoing Parallel Proceedings
February 13, 2026

**CH-116**  **Order on Request to Continue Hearing**

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles

FEB 1 3 2026

David W. Slayton, Executive Officer/Clerk of Court
By: L. Giffard, Deputy

Complete items (1) and (2) only.

(1) **Protected Party:** Jamie Nelson

(2) **Restrained Party:** Amy Louise Taylor

— The court will complete the rest of this form —

(3) **Next Court Date**

a. ☐ The request to reschedule the court date is **denied**.

Your court date is: _____

(1) Any *Temporary Restraining Order* (form CH-110) already granted stays in full force and effect until the next court date.

(2) Your court date is not rescheduled because: _____

Fill in court name and street address:
Superior Court of California, County of

Los Angeles Superior Court
Northwest District - East Courthouse
6230 Sylmar Avenue
Van Nuys, CA 91401

Fill in case number:
Case Number:
25CHRO02405

b. ☒ The request to reschedule the court date is **granted**. Your court date is rescheduled for the day and time listed below. See (4)–(8) for more information.

New Court Date → Date: 3/06/26  Time: 8:30 a.m.
Dept.: VE-2  Room: 430

Name and address of court, if different from above:
_____

(4) **Temporary Restraining Order**

a. ☒ **There is no** *Temporary Restraining Order* (TRO) in this case until the next court date because:.

(1) ☒ A TRO was not previously granted by the court.

(2) ☐ The court terminates (cancels) the previously granted TRO because: _____

b. ☐ A *Temporary Restraining Order* (TRO) is still in full force and effect because:

(1) ☐ The court extends the TRO previously granted on *(date)*: _____

It now expires on *(date)*: _____

*(If no date is listed, the TRO expires at the end of the court date listed in 3b.)*

(2) ☐ The court changes the TRO previously granted and signs a new TRO (form CH-110).

c. ☐ Other *(specify)*: _____

> **Warning and Notice to the Restrained Party:**
> If (4)b is checked, a civil harassment restraining order has been issued against you. You must follow the orders until they expire.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. September 1, 2022, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9

**Order on Request to Continue Hearing
(Temporary Restraining Order) (CLETS-TCH)**
(Civil Harassment Prevention)

CH-116, Page 1 of 3
 →

Exhibit K, Pg 1
Defendant's Cease-and-Desist Letter
December 4, 2025

## FORMAL CEASE AND DESIST – JOHN ANGUS STEWART- DEFAMATION, BUSINESS INTERFERENCE, AND UNAUTHORIZED USE OF COPYRIGHTED MATERIAL 📤 Inbox ×

 **Jamie Nelson** <jamienelsonphoto@gmail.com>     Thu, Dec 4, 1:09 PM (5 days ago)  ☆  ☺  ↩

to me, bcc: sam, bcc: jennifer, bcc: simon, bcc: darapen, bcc: simone, bcc: Andrew, bcc: AMYLANDTHESNIFF@gmail.com, bcc: Jonathan, bcc: Joseph, bcc: Rohini  ▾

**FORMAL CEASE AND DESIST – DEFAMATION, BUSINESS INTERFERENCE, AND UNAUTHORIZED USE OF COPYRIGHTED MATERIAL**

*Re: Amyl and the Sniffers, Amy Taylor*

*From: Jamie Nelson*

jamienelsonphoto@gmail.com

*December 4th, 2025*

*Attention: John Angus Stewart, PHC Films, Amyl and the Sniffers, Amy Taylor*

john@phcfilms.com

Mr. Stewart or Authorized Representative,

This letter serves as formal notice that Jamie Nelson Studios, LLC demands that you immediately cease and desist from publishing or disseminating false, misleading, or defamatory statemen regarding Jamie Nelson, her artwork, or her lawful fine art business.

On December 4th, 2025, you published an Instagram Story attached hereto as **Exhibit A.** Using your account **@phcfilms** you displayed Ms. Nelson's copyrighted artwork without her permission and asserting, among other things, that her work constituted a "scam," that it was "not approved," and encouraging viewers "don't buy." These statements are false, knowingly misleading, and damaging to Ms. Nelson's professional reputation and commercial relationships.

Your actions constitute:

1. Defamation (libel) under applicable state law;

2. Made knowingly false statements accusing her of running a "scam,"

3. Intentional interference with prospective economic advantage;

4. Commercial disparagement; and

5. Unauthorized use of copyrighted material for the purpose of harming Ms. Nelson's business interests.

For clarification:

Jamie Nelson is the sole copyright holder of the photograph at issue and is fully within her legal rights to display, market, and sell fine art prints of her own copyrighted work. No approval is required from any third party. Statements implying otherwise are false and harmful.

Exhibit K, Pg 2
Defendant's Cease-and-Desist Letter
December 4, 2025

Accordingly, Jamie Nelson demands that you:

1. Immediately remove the Instagram story and any other posts containing false statements or unauthorized use of her copyrighted material;

2. Refrain from posting any further defamatory, misleading, or disparaging statements about Ms. Nelson or her business;

3. Cease all attempts to interfere with her collectors, sales, and professional relationships; and

4. Provide written confirmation within 48 hours that you will comply with these demands.

Be advised:

If you continue this conduct or fail to provide written confirmation within the time stated, Ms. Nelson will have no choice but to pursue all legal remedies available to her without further notice, including seeking:

- A court-ordered injunction,

- Monetary damages, including punitive damages,

- Recovery of attorney's fees and litigation costs, and

- Additional claims arising from your unauthorized distribution of copyrighted material.

Your statements have already caused measurable harm, and your liability is substantial. Any further interference or defamatory publication will significantly increase your legal exposure.

Nothing in this letter constitutes a waiver of Jamie Nelson's rights and remedies, all of which are expressly reserved.

Sincerely,

*Jamie Nelson, Photographer + Artist*

Jamie Nelson Studios, LLC



Exhibit K, Pg 3
Defendant's Cease-and-Desist Letter
December 4, 2025



Exhibit L
Email Asserting Copyright, Negotiations for Buyout
September 11, 2025

 **Jamie Nelson** <jamienelsonphoto@gmail.com>                    Sep 11, 2025, 12:53 PM    ☆  ☺  ↩  ⋮
to simone, Andrew, AMYLANDTHESNIFF@gmail.com, Jovita, Campbell, Jessie  ▾

Hi Simone,

Thank you for your quick response. To keep you fully across, I've consulted with my agency and their attorneys, and ==I have a clear understanding of my legal rights as the copyright holder.== I've also included some information below to further outline the distinction between Rights of Publicity and Artist Copyrights.

As a professional photographer, I reserve the right to recoup my investment b==y producing fine art prints and other artworks from my copyrighted images==. I personally funded the initial $20K investment that made this shoot possible and, more recently, I extended a four-week license (without fee) for billboard usage in Manchester.

That said, my preference would have been to proceed with the revenue split I offered Amy, as it felt genuine and collaborative. ==If, however, you would prefer to secure a full buyout to control usage exclusively, I'm happy to involve my agency to negotiate appropriate terms.==

Warmly,

Jamie

x


**Right of Publicity**

The right of publicity protects a person from having their name, likeness, or image used for commercial or advertising purposes without their consent, acting as a property right to control the commercial value of their identity. In contrast, a photographer's right to sell images stems from copyright law, which grants the creator exclusive rights to their work, including the right to reproduce, sell, and distribute the photograph. While the photographer can sell prints of a photo taken in public, they must respect the subject's right of publicity if the sale is for advertising or other commercial uses that suggest endorsement.

## Photographer's Rights (Copyright)

**Ownership:**
The photographer generally owns the copyright to the photographs they create.

**Exclusive Rights:**
This ownership includes the right to reproduce the image, distribute it, and create derivative works.

**Selling Images:**
The photographer can sell prints or use the image for editorial purposes, such as in a news report or artistic display.

## Right of Publicity

**Subject's Rights:**
This is a separate right held by the individual whose image is used.

**Commercial Use:**
It protects against the unauthorized use of a person's name, voice, signature, or

Exhibit M
Negotiations to Resolve Dispute
November 18, 2025

 **Jamie Nelson** <jamienelsonphoto@gmail.com>                    Nov 18, 2025, 4:56 PM      
to Jonathan, Joseph, Rohini, bcc: AMYLANDTHESNIFF@gmail.com ▾

Mr. Pink,

Thank you for your response.

To clarify, I have no intention of infringing on Ms. Taylor's *rights of publicity* or using her likeness in any manner that constitutes a commercial endorsement. However, I retain my exclusive rights as the copyright holder—confirmed and registered with the U.S. Copyright Office— under **17 U.S.C. §106** to reproduce, distribute, publicly display, create derivative works, syndicate, archive, and use the images for editorial, fine art, portfolio, books, zines, exhibitions, galleries, social media, and other expressive purposes.

After consultation with my legal counsel, I assert my rights to create and sell fine-art prints of my copyrighted work, as well as to display my work across digital platforms, including but not limited to Instagram.

Furthermore, your request that I remove my own copyrighted images from my professional platforms has no legal basis, and may be in violation of **ABA Rule 4.1 — Truthfulness in Statements to Others:**
A lawyer shall not knowingly make a false statement of material fact or law to a third person and **ABA Rule 8.4(c) — Misconduct:** It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

As the copyright holder, producer, and sole investor of the images (approximately $20,000), I hereby request that Ms.Taylor remove my photographs from both the *@amylandthesniffers* account and *@caltexcowgirll* account, as I deny permission for her continued use of my copyrighted images.

As a gesture of good faith, I previously offered Ms.Taylor a generous modeling fee for participation in my fine-art derivative works. Separately, my agency, Paradis, extended an offer of a full copyright buy-out to Ms. Simone Ubaldi, which would have allowed Ms. Taylor to secure control of the images. Both proposals were dismissed.

At this stage, it appears we are at an impasse. Nevertheless, I remain open to any constructive proposals you may wish to present.

Best regards,

Jamie Nelson
Fashion & Beauty Photographer & Director
www.jamienelson.com
IG: @jamienelson6

Global Agent: The Paradis Agency
www.theparadisagency.com