**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Jonathan S. Pink (Bar No. 179685)
Jonathan.Pink@lewisbrisbois.com
Julio Cortes (Bar No. 340361)
Julio.Cortes@lewisbrisbois.com
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 580-6312
Facsimile: (213) 250-7900
Attorneys for Plaintiff and Counterclaim Defendant,
Amy Louise Taylor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LOUISE TAYLOR,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JAMIE NELSON STUDIOS LLC;<br>JAMIE NELSON; and DOES 1-10<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:25-cv-12069-GW-Ex<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16 (ANTI-SLAPP MOTION)**<br><br>Hon. George H Wu, Presiding Judge, Courtroom: 9D<br><br>Hearing Date:      March 19, 2026<br>Hearing Time:      8:30 a.m. |

Plaintiff and Counterclaim Defendant, Amy Louise Taylor ("Plaintiff"), hereby submits her Opposition to Defendant Jamie Nelson's ("Defendant") Motion to Strike Plaintiff's Complaint pursuant to California Code of Civil Procedure § 425.16 [DOC 21] ("Motion").

/ / /

/ / /

/ / /

/ / /

/ / /

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION.

Defendant's Motion in its entirety is defective on both procedural and substantive grounds. First, with respect to the procedural defects, Defendant failed to meet and confer with Plaintiff's counsel prior to filing the instant Motion. Further, Defendant's Motion fails substantively because Defendant's sale of the subject images containing Plaintiff's name, image, and likeness ("Subject Images") in violation of Plaintiff's rights is not protected conduct, and there is a probability that Plaintiff will prevail on her claims.

## II.    FACTS.

In May of 2025, Plaintiff was photographed by Defendant with the *express* intention that the resulting images containing Plaintiff's name, image, and likeness would be published *exclusively* in the July 2025 issue of *Vogue Portugal*. Complaint [DOC 1] ("Complaint"), ¶¶ 17, 20.  At no point did Plaintiff agree to or authorize Defendant or her business, Jamie Nelson Studios LLC ("JNS") (collectively, "Defendants"), to sell the Subject Images, nor to use Plaintiff's name, image or likeness in connection therewith. *Id.* at ¶ 17. Nevertheless, over Plaintiff's explicit objections, that is exactly what occurred.  *Id.* at ¶¶ 22- 25.

Defendants, in fact, repeatedly refused to remove the offending products and prints exhibiting the Subject Images. *Id.* at ¶ 24-25, 31.  As such, Plaintiff filed the instant action against Defendants, asserting the following causes of action: (1) False Association and Unfair Competition (15 U.S.C. § 1125(a)), (2) Violation of California Civil Code § 3344, and (3) Common Law Misappropriation of Name or Likeness (Right of Publicity).  *See* Complaint.  Defendants initially filed an Answer to Plaintiff's Complaint.  *See* Defendants' Answer to Complaint [DOC 15]. Thereafter, Defendant filed the instant Motion on February 17, 2024, seeking to strike Plaintiff's state-law claims from the Complaint.

## III.    THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE IT

2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**1**    <u>**IS PROCEDURALLY IMPROPER.**</u>

**2**    As a preliminary matter, Defendant has failed to abide by the Local Rules of

**3** the Central District of California by failing to meet and confer with Plaintiff's counsel

**4** prior to filing the instant Motion.  Specifically, Local Rule 7-3 mandates counsel

**5** contemplating the filing of any motion first contact opposing counsel to discuss

**6** thoroughly the substance of the contemplated motion and any potential resolution,

**7** with such conference occurring at least seven days prior to the filing of the motion.

**8** C.D. Cal. L.R. 7-3. "The Court may decline to consider a motion unless it meets the

**9** requirements of L.R. 7-3 through 7-8." C.D. Cal. L.R. 7-4. Local Rule 83-2.2.3 further

**10** states, "any person appearing *pro se* is required to comply with these Local Rules[.]"

**11**    Courts in this district generally do *not* excuse noncompliance with Local Rule

**12** 7-3 even if the movant is appearing *pro se*.  *See Munoz-Guzman v. Humberto's*

**13** *Mexican Food*, 2018 U.S. Dist. LEXIS 232033, at *3-4 (C.D. Cal. Dec. 4, 2018). In

**14** *Munoz-Guzman*, the court denied a motion to dismiss on the grounds that the *pro se*

**15** defendant failed to meet and confer with opposing counsel.  *Id.* at 4. The court

**16** specifically noted the defendant's *pro se* status did not excuse his failure to follow

**17** Local Rule 7-3 and thus denied the motion to dismiss on that basis.  *Id*. at 4-5.

**18**    Here, based on Local Rules 7-3 and 83-2.2.3 and the court's rationale in *Munoz-*

**19** *Guzman,* Defendant's failure to meet and confer renders the Motion defunct.

**20** Specifically, Defendant filed and served Plaintiff's counsel with the Motion without

**21** meeting and conferring on the grounds at all, let alone least seven days prior to filing.

**22** For this reason, Defendant could not—and did not—include in her Motion and

**23** accompanying papers the requisite language concerning the conference.

**24**    Additionally, Defendant failed to provide a date and time for the hearing on the

**25** Motion on the first page of the notice for her Motion, presumably because Defendant

**26** failed to reserve a hearing date. Such failure resulted in the Court setting the Motion

**27** to be heard on March 19, 2026, with notice provided to the parties on February 24,

**28** 2026. As oppositions to a motion are due no later than 21 days before the hearing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3

1  date, Plaintiff was left with only two days to prepare an opposition to the Motion. *See*

2  C.D. Cal. L.R. 7-9.

3       For the foregoing reasons, this Court should exercise its discretion and decline

4  to consider Defendant's Motion in its entirety.

5  **IV.**    **DEFENDANT'S MOTION FAILS ON THE MERITS.**

6      Apart from the Rule 7-3 problem, which is dispositive here, Defendant's

7  motion also fails on the merits. Defendant's Motion is based solely on California,

8  anti-SLAPP statute, which states:

9      *A cause of action against a person arising from any act of that person*
10     ***in furtherance of the person's right of petition or free speech*** *under*
    *the United States or California Constitution in connection with a public*
11     *issue shall be subject to a special motion to strike,* ***unless the court***
12     ***determines that the plaintiff has established that there is a probability***
    ***that the plaintiff will prevail on the claim.***
13
14 Cal. Civ. Proc. Code § 425.6(b)(1) (Emphasis added.)

15     Here, as discussed in greater detail in Section IV.A., *infra*, Defendants' use of

16 Plaintiff's name, image and likeness for the sale and marketing of their products and

17 services are not acts in furtherance of Defendant's right of free speech in connection

18 with a public issue. As further discussed in Section IV.B., *infra*, assuming *arguendo*

19 Defendant is able to satisfy the threshold requirement, the Motion must be denied

20 because there is a probability that Plaintiff will prevail on her claims.

21     **A.**    **DEFENDANT'S CONDUCT IS NOT PROTECTED ACTIVITY.**

22     An anti-SLAPP motion requires the Court to first determine if Defendant met

23 her burden of establishing the challenged causes of action arise out of Defendant's

24 protected activity. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). If it

25 does not, the anti-SLAPP motion must fail. *Id*. at 902.

26     For purposes of Defendants' anti-SLAPP Motion, the definition of "an act in

27 furtherance of a person's right of petition or free speech under the United States or

28 California Constitution in connection with a public issue" includes

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COMPLAINT PURSUANT TO CAL.
CODE CIV. PROC. § 425.16 (ANTI-SLAPP MOTION)

**1**

*(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.*

**2**

**3**

**4**

**5** Cal. Civ. Proc. Code § 425.16(e).

**6**       Courts interpreting the anti-SLAPP statute have concluded that issues of

**7** "public interest" include (1) statements 'concerning a person or entity in the public

**8** eye'; (2) 'conduct that could directly affect a large number of people beyond the direct

**9** participants'; (3) 'or a topic of widespread public interest.'" *Hilton, supra*, 599 F.3d at

**10** 906 (quoting *Rivero v. Am. Fed'n of State, County, & Mun. Emps*., 105 Cal. App. 4th

**11** 913, 924, 130 Cal. Rptr. 2d 81, 89 (2003)).

**12**       Based on the foregoing principles, here, Defendant has failed to meet the first

**13** step in the anti-SLAPP procedure's two-step analysis.  Indeed, Defendant merely

**14** relies on the conclusory statement that the Subject Images "depict a public figure and

**15** were originally created for editorial publication in a widely distributed magazine,

**16** placing them within matters of public interest under California Code of Civil

**17** Procedure § 425.16(e)(3) and (e)(4)." Motion, at p. 4: 26-28.

**18**       In so doing, Defendant ignores the actual conduct underlying Plaintiff's causes

**19** of action—the selling and commercial display of the Subject Images via channels

**20** *other than* the July 2025 issue of *Vogue Portugal*.  Specifically, as the operative

**21** pleading alleges, *none* of the Subject Images were meant and/or permitted by Plaintiff

**22** to be displayed and/or sold outside of *Vogue Portugal*.  *Id*. at ¶ 17. In fact, Plaintiff

**23** only agreed to pose for the subject photo shoot for the exclusive purpose of publishing

**24** the resulting images in a *single* issue of that magazine. *Id*. at ¶ 16.  Thus, contrary to

**25** Defendant's contention, the offending conduct at issue is Defendants' subsequent

**26** *unauthorized* selling of "fine art prints" and a "zine" (a compilation in book form) of

**27** the Subject Images and displaying of the same on their social media accounts in an

**28** effort to solicit sales and advertise their photography services.  *See* Complaint, ¶¶ 36,

5

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  41-44, 48, 53.

2      Moreover, Defendant fails to establish that simply reproducing and selling the

3  Subject Images after their initial publication in *Vogue Portugal* were in connection

4  with the public interest. Indeed, Defendant has not—and cannot—show her

5  subsequent for-profit exploitation of Plaintiff's name, image, and likeness invoked

6  the public interest in any way.

7      Finally, Defendant contends "[c]ourts have repeatedly recognized that artistic

8  expression does not lose First Amendment protection merely because it is sold or

9  displayed for compensation, particularly where the work is editorial or artistic in

10  nature." Motion, p. 4:8-11. While the Subject Images may have been created for

11  editorial publication, it does not follow that Defendant's subsequent sale of the

12  reproduced images is likewise editorial.

13      Thus, it is not the creation or publication of the Subject Images itself that is the

14  basis for Plaintiff's claims—it is Defendants' unauthorized resale and display of them.

15  Such misconduct merits no protection.

16      **B.    PLAINTIFF    HAS    A    REASONABLE    PROBABILITY    OF**

17      **PREVAILING ON HER CLAIMS.**

18      Under the second step of the anti-SLAPP framework, Plaintiffs bear the burden

19  of demonstrating a probability of prevailing on the merits of their claims. "[W]hen an

20  anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district

21  court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider

22  whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for*

23  *Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended by* 897 F.3d 1224 (9th Cir.

24  2019).  The required probability of success on the merits at this step of the inquiry

25  "need not be high."  *Hilton, supra*, 599 F.3d at 909.

26      Here, Defendant contends in her Motion, "Plaintiff cannot demonstrate a

27  probability of prevailing *because the Complaint alleges no facts* showing

28  endorsement, consumer confusion, or contractual restriction on Defendant's use of

6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    her copyrighted works." Motion, p. 2:25-28 (Emphasis added.) Accordingly, there is

2    no dispute that the Motion targets the legal sufficiency of Plaintiffs' claims.

3    Therefore, Plaintiff's claims are analyzed under a 12(b)(6) standard.

4        In her Motion, Defendant erroneously focuses solely on Plaintiff's first cause

5    of action for false association in violation of the Lanham Act. Specifically, Defendant

6    contends the Complaint does not "identify any statement by Defendant claiming

7    endorsement by Plaintiff, any advertisement suggesting sponsorship, or any factual

8    allegations showing consumer confusion." Motion, p. 7:1-3. However, the anti-

9    SLAPP statute does not apply to federal law causes of action. *Hilton, supra*, 599 F.3d

10   at 901. Defendant does not address Plaintiff's remaining causes of action, both of

11   which have  reasonable probabilities of succeeding.

12       Plaintiff's state law causes of action include a violation of California Civil Code

13   § 3344 and common law misappropriation of name or likeness (right of publicity).

14   For a common law cause of action, Plaintiff must prove (1) Defendant's use of

15   Plaintiff's identity, (2) the appropriation of Plaintiff's name or likeness to Defendant's

16   advantage, commercially or otherwise, (3) lack of consent, and (4) resulting injury.

17   *See Downing v. Abercrombie & Fitch* (9th Cir. 2001) 265 F.3d 994, 1001.

18       In addition, under section 3344 of the California Civil Code, Plaintiff must

19   prove all of the elements of the common law cause of action, and allege a knowing

20   use by Defendant as well as a direct connection between the allege used and the

21   commercial purpose. *Id.*

22       As alleged in the Complaint, the Subject Images depict Plaintiff in a clearly

23   recognizable fashion. Complaint, ¶ 45.  Defendants' sale of "fine art prints" and the

24   "zine" consisting of reproductions of said images, and Defendants' use of Plaintiff's

25   name, image and likeness to promote and sell Defendants' products and photography

26   services clearly establish they exploited Plaintiff's identity.  *Id*. at ¶¶ 41-42.

27       In addition, Plaintiff has sufficiently alleged the value of the Subject Images is

28   derived from Plaintiff's inclusion therein, not the photographs themselves or the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COMPLAINT PURSUANT TO CAL.
CODE CIV. PROC. § 425.16 (ANTI-SLAPP MOTION)

1   reproductions thereof.  *Id.* at ¶¶ 43, 47.  Plaintiff has further pleaded her image and

2   likeness is embodied in the Subject Images, and Defendant's sale of reproductions

3   and zines is an attempt to profit from the same. *Id.* at ¶¶ 46-47, 49.

4          Defendants' use of Plaintiff's name, image and likeness to advertise and

5   promote her photography services is likewise an appropriation for their commercial

6   advantage. As alleged in the Complaint, Plaintiff never consented to Defendant's sale

7   of the photographs as either reproductions in print form or in a "zine". *Id.* at ¶ 48.  Nor

8   did Plaintiff consent to having her name, image, and likeness used for Defendants'

9   marketing, promotion or advertising purposes. *Id*.  In fact, Plaintiff expressly

10  communicated to Defendant that she did not consent to either acts. *Id.*

11         Further, Plaintiff has alleged Defendants actions were done knowingly as

12  Plaintiff and her agent, Ms. Simone Ubaldi, expressly informed Defendants they were

13  not permitted to sell copies of the Subject Images or display them for purposes of

14  directly or indirectly promoting or advertising Defendants' products and services.  *Id*.

15  at ¶¶ 22-23.

16         Lastly, Plaintiff has sufficiently pleaded the resulting injury from Defendants'

17  misconduct.   The Complaint alleges Plaintiff is a renowned singer who has

18  meticulously cultivated her public image, which is integral to her being, artistry, and

19  substantial fan following. *See* Complaint, ¶ 9. Plaintiff further pleaded Defendants'

20  unauthorized actions undermined her image and personal brand. As stated in the

21  Complaint, Plaintiff is the center focal point of the Subject Images in which she is

22  posing. *See id*. at ¶ 45.  Thus, Defendants' subsequent sale of the Subject Images

23  creates a false and misleading impression that Plaintiff has endorsed, approved, or is

24  otherwise affiliated with the sale, as does the use of Plaintiff's name, image and

25  likeness in connection with the sales and advertising of Defendants' photography

26  services. *See id*. at ¶ 37.  Moreover, as Plaintiff is prominently featured in said images,

27  it is reasonably likely Plaintiff's fans would be motivated to purchase Defendants'

28  "fine art prints" and "zine". *See id*. at ¶ 43.  With Defendants offering reproductions

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8

1 of the Subject Images for exorbitant prices, however, Plaintiff and her carefully

2 cultivated image are directly injured. *See id*. at Exhibit G, ¶¶ 37, 50, 58.

3    Based on the foregoing, Defendant undoubtedly fails the second anti-SLAPP

4 inquiry as Plaintiff has adequately plead elements of her state law causes of action.

5 **V.    ATTORNEYS' FEES.**

6    California Civil Code section 425.16 provides that, if the Court finds a special

7 motion to strike to be frivolous or solely intended to cause unnecessary delay, the

8 Court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the

9 motion. Cal. Civ. Proc. Code § 425.6(c)(1).

10    Here, Defendant's procedurally and substantively defective Motion constitutes

11 a frivolous filing. Specifically, Defendant failed to provide *any* good faith explanation

12 as to how her sale of the Subject Images and unauthorized use of Plaintiff's name,

13 image and likeness are acts in furtherance of her right of free speech in connection

14 with a public issue. Additionally, Defendant's Motion focused solely on Plaintiff's

15 Lanham Act claim, even though anti-SLAPP motions are *per se* inapplicable to

16 federal causes of action. As such, Defendant's Motion is clearly frivolous and solely

17 intended to cause unnecessary delay, thereby warranting an award of Plaintiff's costs

18 and attorney's fees.

19 **VI.    CONCLUSION.**

20    For the reasons discussed above, Plaintiff respectfully requests that this Court

21 deny Defendant's Motion in its entirety and award Plaintiff costs and attorney's fees.

22

23 Dated: February 26, 2026    By: _____/s/ Jonathan S. Pink_____
      Jonathan S. Pink

24    Julio Cortes
      LEWIS BRISBOIS

25    633 W. 5th Street, Suite 4000
      Los Angeles, CA 90071

26    Tel: (213) 580-6312

27    Fax: (213) 250-7900

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COMPLAINT PURSUANT TO CAL.
CODE CIV. PROC. § 425.16 (ANTI-SLAPP MOTION)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this ANSWER TO COUNTERCLAIM was filed on this the 26th day of February, 2026 according to the rules of Electronic Court Filing (ECF) in effect for the Central District of California, which ECF system will provide a copy of same to all persons registered to receive service in this case, including but not limited to:


**JAMIE NELSON** (*Pro Se*)
jamienelsonphoto@gmail.com
18039 Chatsworth St.
P.O. Box 280603
Granada Hills, CA 91344

*INDIVIDUALLY AND AS OWNER FOR* JAMIE NELSON STUDIOS LLC


                           ___/s/ Jonathan S. Pink_____
                                Jonathan S. Pink

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16 (ANTI-SLAPP MOTION)